1    VENABLE LLP
Angel A. Garganta (SBN 163957)
2    agarganta@venable.com
Spear Tower, 40th Floor
3    One Market Plaza
1 Market Street
4    San Francisco, CA 94105
Telephone: (415) 653-3750
5    Facsimile: (415) 653-3755

6    VENABLE LLP
Daniel S. Silverman (SBN 137864)
7    dsilverman@venable.com
2049 Century Park East, Suite 2100
8    Los Angeles, CA 90067
Telephone: (310) 229-9900
9    Facsimile: (310) 229-9901

10    Attorneys for Defendants
BRANDON ADCOCK; PAUL REICHELT;
11    and JOHN KIM

12

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN O'TOOLE, ROBERT SOKOLOVE, and MICHAEL BITTON, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>              vs.<br><br>GENCOR NUTRIENTS, INC.; GE NUTRIENTS, INC.; JITH VEERAVALLI; R.V. VENKATESH; GENERAL NUTRITION CORPORATION; GNC CORPORATION; GENERAL NUTRITION CENTERS, INC.; S&G PROPERTIES, LLC; DIRECT DIGITAL LLC; BRANDON ADCOCK; PAUL REICHELT; JOHN KIM; TRUDERMA, LLC; FORCE FACTOR LLC; and DOES 1-10,<br><br>              Defendants. | CASE NO. 14-cv-03754-R-E<br><br>CLASS ACTION<br><br>Hon. Manuel L. Real<br>Courtroom 8<br><br>**INDIVIDUAL DEFENDANTS BRANDON ADCOCK, PAUL REICHELT, AND JOHN KIM'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(1), (2), (6), 9(b)]<br><br>Date: July 7, 2014<br>Time: 10:00 a.m.<br><br>Action Filed: May 15, 2014<br>Trial Date: None set |

*Left margin (vertical):* VENABLE LLP / 2049 CENTURY PARK EAST, SUITE 2100 / LOS ANGELES, CA 90067 / 310-229-9900

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

PLEASE TAKE NOTICE that, on July 7, 2014, at 10:00 a.m., or as soon thereafter as the Court is available, in Courtroom 8 of the federal courthouse located at 312 North Spring Street, Los Angeles, California 90012-4701, Defendants Brandon Adcock ("Adcock"), Paul Reichelt ("Reichelt") and John Kim ("Kim," and, together with Adcock and Reichelt, the "Individual Defendants"), will and hereby do move the Court to dismiss in its entirety the putative class action complaint (the "Complaint") filed on May 15, 2014 by Plaintiffs Brian O'Toole ("O'Toole"), Robert Sokolove ("Sokolove") and Michael Bitton ("Bitton," and, together with O'Toole and Sokolove, "Plaintiffs") in the above-captioned action (the "Action") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 9(b), on the grounds that (1) the Court lacks personal jurisdiction over the Individual Defendants; (2) the Complaint fails to state any plausible legal claim; (3) the Complaint fails to satisfy requisite pleading standards; and (4) Plaintiffs lack standing to assert their claims.

The Individual Defendants' motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities in Support of the Individual Defendants' Motion to Dismiss the Complaint; the accompanying Declarations of Brandon Adcock, Paul Reichelt, and John Kim in support thereof; any additional briefing on this subject; and the evidence and arguments that will be presented to the Court at the hearing on this matter.

/ / /

/ / /

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1        This motion is made following the conference of counsel pursuant to Local

2    Rule 7-3.

3

4    Dated:  June 9, 2014          VENABLE LLP

5                        By:  /s/ Daniel S. Silverman

6                           Angel A. Garganta
                       Daniel S. Silverman

7                       Attorneys for Defendants
                   BRANDON ADCOCK; PAUL REICHELT;
                   and JOHN KIM

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs' suit as to the Individual Defendants, being sued in their personal capacities, is improper for numerous reasons.  First, this Court has no personal jurisdiction over the Individual Defendants.  In order to bring their claims against the Individual Defendants, Plaintiffs must show California can exercise jurisdiction over the Individual Defendants as *individuals*, and not solely in their capacities as officers or employees of Defendant Direct Digital, LLC ("Direct Digital").  Plaintiffs cannot meet their burden.  The Complaint makes hardly any allegations as to any specific conduct by the Individual Defendants—rather, the Complaint collectively refers to the Individual Defendants and Direct Digital as the "Direct Digital Defendants" throughout.  Compl. ¶ 25 [ECF No. 1].  Such group pleading does not provide a basis for exercising jurisdiction over the Individual Defendants, who do not meet the "minimum contacts" test, not least because there are no allegations that the Individual Defendants were not acting in their capacities as Direct Digital officers or employees.  Plaintiffs' attempt to bootstrap personal jurisdiction over the Individual Defendants by relying on actions by Direct Digital must fail.  Because there is no personal jurisdiction over the Individual Defendants, the Complaint must be dismissed as to them on this ground alone.

Moreover, in addition to the procedural shortcomings of the Complaint, the Complaint also must be dismissed as to the Individual Defendants on the merits.  Though Plaintiffs style this as a case under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), their RICO allegations against the Individual Defendants are non-existent.  The RICO claim in Count I alleges nothing about the Individual Defendants' conduct or participation in the alleged "Testofenterprise," and nothing about their fraudulent intent or scheme to defraud that would constitute a pattern of racketeering.  There are not sufficient allegations

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

1    to establish the existence of the "Testofenterprise" itself.  Collective and

2    conclusory allegations against the "Direct Digital Defendants," or simply

3    "Defendants," do not meet the strict pleading standard of Federal Rule of Civil

4    Procedure 9(b), which applies to Plaintiffs' RICO claim.

5           However, it is not just Plaintiffs' RICO claim that alleges fraud; all of

6    Plaintiffs' claims sound in fraud, and all fall far short of the requirements of Rule

7    9(b).  The Individual Defendants join in the argument as set forth in Section IV.F.

8    of the Motion to Dismiss of Defendants General Nutrition Corporation, GNC

9    Corporation, General Nutrition Centers, Inc., S&G Properties, LLC (collectively,

10   "GNC"), Direct Digital, and Force Factor, LLC ("Force Factor" and, together with

11   GNC and Direct Digital, the "Corporate Moving Defendants"), dated June 9, 2014.

12   Plaintiffs' failure to satisfy Rule 9(b) is all the more true as to allegations against

13   the Individual Defendants, who scarcely appear in the Complaint at all.

14          Furthermore, as stated in the Corporate Moving Defendants' Motion to

15   Dismiss, Plaintiffs fail to allege any of the essential facts required to establish their

16   standing to sue any of the named Defendants in this case.  This applies to all claims

17   Plaintiffs allege, including those asserted under RICO and state law.  Thus, the

18   Individual Defendants join in the arguments made in Sections IV.A. and IV.B.2. in

19   the Corporate Moving Defendants' Motion to Dismiss.

20          Similarly, Plaintiffs fail to state statutory consumer protection, warranty, or

21   restitution claims, for the reasons set forth in Sections IV.C., IV.D., and IV.E. in

22   the Corporate Moving Defendants' Motion to Dismiss.  As to these state law

23   claims, the arguments set forth in the Corporate Moving Defendants' motion

24   equally apply to the Individual Defendants, who therefore join this portion of the

25   Corporate Moving Defendants' Motion to Dismiss as well.

26          For all of these reasons, which are detailed below, the Court should dismiss

27   the Complaint in its entirety.

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

2

8218054-v3

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## II.    STATEMENT OF RELEVANT ALLEGATIONS AND FACTS

The Individual Defendants hereby incorporate the Statement of Relevant Allegations in the Corporate Moving Defendants' Motion to Dismiss and further relate the following allegations and facts as relevant to the Individual Defendants.

Individual Defendant Brian Adcock is a resident of North Carolina and a co-founder and President of Direct Digital, which has its principal places of business in North Carolina and Massachusetts.  *See* Compl. ¶ 22; Declaration of Brian Adcock, dated June 6, 2014 ("Adcock Decl.") ¶¶ 5-6.  Individual Defendant Paul Reichelt is also a North Carolina resident and is a co-founder and Chief Marketing Officer of Direct Digital.  *See* Compl. ¶ 23; Declaration of Paul Reichelt, dated June 6, 2014 ("Reichelt Decl.") ¶¶ 5-6.  Individual Defendant John Kim is a resident of Massachusetts and a co-founder and manager of Direct Digital.  *See* Compl. ¶ 24; Declaration of John Kim, dated June 6, 2014 ("Kim Decl.") ¶¶ 5-6.

At no time relevant to the allegations of the Complaint have the Individual Defendants owned or leased any property, or maintained any bank or investment accounts in California.  *See* Adcock Decl. ¶ 7; Reichelt Decl. ¶ 7; Kim Decl. ¶ 7.  The Individual Defendants have never maintained any local telephone listings in California.  *See* Adcock Decl. ¶ 8; Reichelt Decl. ¶ 8; Kim Decl. ¶ 8.  The Individual Defendants have never been employed in California, paid income taxes in California, or done business in California.  *See* Adcock Decl. ¶¶ 9-10,13, 16; Reichelt Decl. ¶¶ 9-10, 13, 16; Kim Decl. ¶¶ 9-10, 13, 16.

The only other specific factual allegation in the Complaint related to the Individual Defendants is a description of a September 2012 press release featuring Mr. Adcock as follows:

'The decision to launch on GNC.com has definitely proven to be the right one.  NUGENIX is GNC's top online seller within the Men's Vitality category despite limited launch distribution.  In fact, it is a

3

top-seller and will not even reach all their retail locations until later this month,' *stated Brandon Adcock, co-founder and president of Direct Digital, LLC, the developer and marketer of NUGENIX.* 'Through our ongoing partnership . . . we've been confident since day one that GNC was the ideal retail channel to educate the core consumer regarding the numerous benefits associated with every Direct Digital nutritional support product. We are thrilled with the overwhelming response and record- breaking sales NUGENIX has experienced in its first month of existence.'

Compl. ¶ 136 (emphasis added).  There are no allegations that Mr. Adcock made this statement except in connection with his employment with Direct Digital.

The sole remaining allegations in the Complaint specific to the Individual Defendants are conclusory statements that "Adcock, Reichelt, and Kim exercise dominion and control over Direct Digital, and are equally responsible for the wrongful acts alleged herein," and that "Direct Digital was and is the alter ego of Adcock, Reichelt, and Kim . . . ." Compl. ¶¶ 25, 39.

## III.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint on the ground that the court does not have personal jurisdiction over him.  "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004); *Genetic Implant Sys., Inc. v. Core-vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997).  Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

8218054-v3

1   same.  *Id*. at 801.[1]

2         Arguments that plaintiffs lack standing "are properly raised in a motion to

3   dismiss under Federal Rule of Civil Procedure 12(b)(1)" because standing pertains

4   to subject matter jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000);

5   *see also United States v. Hays*, 515 U.S. 737, 742 (1995) (standing is jurisdictional,

6   cannot be waived, and is properly addressed under Rule 12(b)(1)).

7         Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable

8   legal theory or the absence of sufficient facts alleged under a cognizable legal

9   theory."  *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal.

10  2007) (internal quotation marks omitted).  To survive a motion to dismiss under

11  12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the

12  speculative level," and the complaint must include "enough facts to state a claim to

13  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

14  570 (2007).  A complaint does not state a plausible claim to relief by making

15  "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009).

17        Rule 9(b) requires a plaintiff to make allegations "specific enough to give

18  defendants notice of the particular misconduct which is alleged to constitute the

19  fraud charged so that they can defend against the charge and not just deny that they

20  have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.

21  1985).  Thus, a complaint must set forth "an account of the time, place, and

22  specific content of the false representations as well as the identities of the parties to

23  the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)

24  (internal quotations omitted).

25

26  [1]  California law and Ninth Circuit law apply to considerations of California's
    long-arm statute.  *3D Sys., Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1377 (Fed.

27  Cir. 1998).

28

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

IV.   **LEGAL ARGUMENT**

A.   **This Court Lacks Personal Jurisdiction Over the Individual Defendants**

Plaintiffs bear the burden of establishing a *prima facie* case of personal jurisdiction over the Individual Defendants.  To meet this burden, Plaintiffs must come forward with admissible evidence that, if believed, would be sufficient to make one of two showings: (1) that each of the Individual Defendants had "continuous and systematic" contact with California, giving rise to **general jurisdiction**; or (2) that the litigation results from alleged injuries arising from or relating to purposeful conduct by each of the Individual Defendants in their personal capacity directed at residents of California, thereby giving rise to **specific jurisdiction**.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984); *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal. 1999).

It is well-settled that jurisdiction over an officer or employee cannot be based on actions he has taken for the benefit of his employer.  *See, e.g., Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.") (citations omitted); *M2 Software, Inc. v. M2 Commc'ns, LLC*, 2005 U.S. App. Lexis 19794, at *7 (9th Cir. Sept. 12, 2005) ("'a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person'"); *Genetic Implant Sys., Inc.*, 123 F.3d at 1459-60 (holding that there was no personal jurisdiction over the president, chief executive officer and sole owner of a corporation); *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981) (A "corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum.").

8218054-v3

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1    Most importantly for this analysis, the *sole specific factual allegations* about

2    Messrs. Reichelt and Kim establish that they are *not* California residents and work

3    at a company outside of California.  Compl. ¶¶ 22-24.  The Complaint contains no

4    other allegations of specific facts as to them.  The sole additional allegation as to

5    Mr. Adcock expressly states he made a statement as an officer of Direct Digital, in

6    an official press release.  *See id.* ¶ 136.  When countered with the Individual

7    Defendants' declarations, there is simply no basis whatsoever to find personal

8    jurisdiction over these individuals.

9    **1.    The Court Lacks General Jurisdiction Over the Individual**

10    **Defendants**

11    There is no ground to find general jurisdiction over the Individual

12    Defendants.  The Complaint does not allege general jurisdiction exists over the

13    Individual Defendants in California, and the accompanying Declarations of the

14    Individual Defendants confirm that it does not.

15    "To establish general jurisdiction, the plaintiff must show that the defendant

16    has maintained 'continuous and systematic' contacts with the forum."

17    *Helicopteros Nacionales*, 466 U.S. at 414 n.9, 416.  Continuous contacts are those

18    that "approximate physical presence" in California.  *Britesmile, Inc. v. Discus*

19    *Dental, Inc.*, No. C 02-03220 JSW, 2005 U.S. Dist. Lexis 37704, *10 (N.D. Cal.

20    May 5, 2005).  This is a high standard and must be based on something more than

21    the occasional sale of goods in California or the occasional importation of products

22    through California.  *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.

23    1986) (refusing to find general jurisdiction even though the defendant sold cars in

24    California, imported cars through California ports, and knew the cars it sold were

25    resold in California); *Britesmile, Inc.*, 2005 U.S. Dist. Lexis 37704, *12 ("engaging

26    in limited transactions with a few California residents is not 'the kind of activity

27    that approximates physical presence within the state's borders'").  And, the acts of

28

7

8218054-v3

1    Direct Digital cannot be imputed to the Individual Defendants for jurisdictional

2    considerations.  The allegation regarding Mr. Adcock's statement in a Direct

3    Digital press release is irrelevant to this analysis.  *See Burger King Corp. v.*

4    *Rudzewicz*, 471 U.S. 462, 475 (1985) ("Jurisdiction is proper, however, where the

5    contacts proximately result from actions by the defendant *himself* that create a

6    'substantial connection' with the forum state" (emphasis in original)).

7        The Individual Defendants have nothing close to the "continuous and

8    systematic" contacts required to justify the exercise of general jurisdiction over

9    them in California, and the Complaint does not allege otherwise.  The Individual

10   Defendants' Declarations demonstrate there is no reason to associate the Individual

11   Defendants with California—they do not reside in California; they do not maintain

12   any property or pay taxes in California; they do not regularly do business in

13   California; and they do not regularly visit California.  Thus, there is no general

14   jurisdiction.

15       **2.**    **The Court Lacks Specific Jurisdiction Over the Individual**

16           **Defendants**

17       A nonresident defendant may be subject to specific jurisdiction when: (1) he

18   purposefully directed his activities to the forum state or to a resident of a forum

19   state; (2) the claim arises out of these contacts with the forum state; and (3) the

20   exercise of jurisdiction will not offend traditional notions of fair play and

21   substantial justice.  *See Burger King Corp.*, 471 U.S. at 476-78; *Int'l Shoe Co. v.*

22   *Washington*, 326 U.S. 310 (1945); *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th

23   Cir. 2008); *3D Sys., Inc. v. Aarotech Lab., Inc.*, 130 F.3d 1373, 1378 (Fed. Cir.

24   1998).  None of these elements is satisfied here.

25       **a.**    **The Individual Defendants Have Not Purposefully**

26           **Directed Their Activities to California**

27       The purposeful availment element "ensures that a defendant will not be

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

8

8218054-v3

haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475 (quotations and citations omitted).  As such, the failure to establish this element alone is a basis to dismiss the claims against the Individual Defendants.  *See Boschetto*, 539 F.3d at 1016 ("if the plaintiff fails at the first step, the jurisdictional inquire ends"); *3D Sys., Inc.*, 160 F.3d at 1380 (applying only the first element of the test).

To begin with, the Complaint hardly alleges specific acts by the Individual Defendants, at all.  The sole exception is Mr. Adcock's statement in the press release, but this was not made in his individual capacity.  To the extent the Complaint conflates acts by Direct Digital with those of the Individual Defendants, there is nothing to suggest the Individual Defendants acted in their personal capacities or purposefully directed activity to California.  Even if Direct Digital had purposefully directed activities to California, which is not alleged, this would not be sufficient to assert personal jurisdiction over its officers or employees.  *See 3D Sys., Inc.*, 160 F.3d at 1380.

The Complaint's two, utterly conclusory allegations suggesting a basis to pierce the corporate veil are wholly insufficient.  *See* Compl. ¶¶ 25, 39 ("Adcock, Reichelt, and Kim exercise dominion and control over Direct Digital, and are equally responsible for the wrongful acts alleged herein"; "Direct Digital was and is the alter ego of Adcock, Reichelt, and Kim").  Under California law, a corporate identity may be disregarded only where there has been an abuse of the corporate privilege.  *BriteSmile, Inc.*, 2005 U.S. Dist. Lexis 37704, at *16.  To demonstrate such an abuse, Plaintiffs must show "(1) that there is such a unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate entities] would result in fraud or injustice."  *Id.* at *17 (quotation marks and citation omitted).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

Merely alleging that an individual is the controlling or dominant force for a corporate action is not sufficient to meet this burden. *See Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999) (refusing to pierce the corporate veil even though plaintiff alleged that the individual was "'the conscious, active, and dominant force behind the unlawful acts of Defendant Badpuppy in this district'"). Without more, Plaintiffs have not alleged a basis to bring the Individual Defendants into court. *See also 3D Sys., Inc.*, 160 F.3d at 1380 ("[T]he corporate form is not to be lightly cast aside."); *Click v. Dorman Long Tech., Ltd.*, No. C 06-1936 PJH, 2006 U.S. Dist. Lexis 68978, at *12 (N.D. Cal. Sept. 14, 2006) (refusing to find personal jurisdiction because plaintiff could not allege an "alter ego relationship, nor any sufficient identity of interests" between employee and employer to justify imputing actions taken by the employee on behalf of the company to the employee for jurisdictional purposes).

**b.     The Claims Do Not Relate to or Arise From the Individual Defendants' Contacts With California**

Plaintiffs cannot satisfy the second prong of the specific jurisdiction test either, as they cannot show that their claims arise out of the Individual Defendants' personal contacts with California. *Pennington Seed Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006). Again, there simply are *no personal contacts* with California alleged in the Complaint as to the Individual Defendants.

**c.     The Exercise of Jurisdiction Will Offend Traditional Notions of Fair Play, Reasonableness, and Substantial Justice**

Even if Plaintiffs could prove the first two elements for specific jurisdiction (which they cannot), the claims against the Individual Defendants should be dismissed because exercising jurisdiction over them is inherently unreasonable. To determine reasonableness the Court should consider: (1) the extent to which the

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   Individual Defendants purposefully interjected themselves into California; (2) the
2   burden on the Individual Defendants to litigate in California; (3) the extent to
3   which jurisdiction conflicts with the sovereignty of the Individual Defendants'
4   home forum; (4) California's interest in adjudicating the dispute; (5) the most
5   efficient resolution of the controversy; (6) the importance of California to
6   Plaintiffs' claims; and (7) the existence of an alternative forum.  *See Burger King*
7   *Corp.*, 471 U.S. at 476-77.  Analysis of these issues shows that California cannot
8   exercise jurisdiction over the Individual Defendants.

9       The Individual Defendants have not, and are not alleged to have, taken ***any***
10  personal action in California relevant to this case, or directed their activities to
11  California.  The Individual Defendants are not even alleged to have independently
12  caused the purported harm.  Rather, the Complaint alleges that the Individual
13  Defendants are named as defendants because they are corporate officers or
14  employees of Direct Digital.  As discussed above, these allegations are legally
15  insufficient to establish personal jurisdiction over them.

16      The most efficient way to resolve this dispute is between Plaintiffs and
17  Direct Digital.  The addition of the Individual Defendants adds nothing to the case,
18  and the litigation remains the same in their absence.  In fact, there is no basis for
19  finding, and Plaintiffs have not asserted, that the dispute cannot be resolved
20  without the involvement of the Individual Defendants in their personal capacities.
21  Thus, there is no reason to extend the litigation to involve the Individual
22  Defendants, over whom the Court does not have personal jurisdiction.

23      In addition, California does not have an interest in adjudicating the claims
24  against the Individual Defendants.  The Gencor Defendants, as defined in the
25  Complaint, are alleged to have significant contacts with California, and two of the
26  Plaintiffs are California residents.  *See* Compl. ¶¶ 8-12.  As such, California's
27  interests are already protected without keeping the Individual Defendants in the

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

11

8218054-v3

1    suit.  Further, the addition of the Individual Defendants does not change the scope

2    of the case or discovery as it relates to Plaintiffs.  Thus, California does not have a

3    weighty interest in adding the Individual Defendants to the case.

4         For these reasons it would be unfair for California to exercise jurisdiction

5    over the Individual Defendants.

6    **B.    The RICO Claim (Count I) Fails**

7         The Corporate Moving Defendants state in their Motion to Dismiss why

8    Plaintiffs' RICO claim fails to state a cause of action.  The Individual Defendants

9    join in this argument and discussion of the facts, set forth in Section IV.B., except

10   to note that the lack of sufficient allegations is magnified when it comes to the

11   Individual Defendants.

12        In fact, as to the Individual Defendants, Plaintiffs fail to allege any of the

13   essential elements of a RICO claim under 18 U.S.C. § 1962(c): "'(1) conduct (2) of

14   an enterprise (3) through a pattern (4) of racketeering activity.'"  *Rezner v.*

15   *Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (quoting

16   *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

17        **1.    Plaintiffs Do Not Allege a Pattern of Racketeering Activity**

18        There are no allegations in the Complaint, conclusory or otherwise, to

19   support a claim that the Individual Defendants engaged in a pattern of racketeering

20   activity.  To plead "a pattern of racketeering activity," Plaintiffs must allege two

21   predicate acts, 18 U.S.C. § 1961(5), and "show that [these] racketeering predicates

22   are related, and that they amount to or pose a threat of continued criminal activity."

23   *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).  Here, Plaintiffs

24   allege the predicate acts of mail and wire fraud, to which Federal Rule 9(b)'s

25   particularity standards apply.  *See* Compl. ¶¶ 226-27; *Sanford v. MemberWorks,*

26   *Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010); *Edwards v. Marin Park, Inc.*, 356 F.3d

27   1058, 1065-66 (9th Cir. 2004).  Mail and wire fraud both require allegations

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

12

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

1   showing: "(A) the formation of a scheme to defraud, (B) the use of the mails or

2   wires in furtherance of that scheme, and (C) the specific intent to defraud."

3   *Eclectic Props. E. LLC v. Marcus & Millichap Co.*, – F. 3d –, 2014 WL 1797676,

4   at *3 (9th Cir. May 7, 2014); *Sanville v. Bank of Am. Nat'l Trust & Savs. Ass'n*, 18

5   F. App'x 500 (9th Cir. 2001) (dismissing RICO allegations for failure to plead

6   "specific intent to deceive or defraud, as required for both mail and wire fraud")

7   (internal quotation marks and citation omitted).

8          The Complaint simply contains no factual allegations supporting any of

9   these elements as to the Individual Defendants.  There is no allegation any of the

10  Individual Defendants used the mails or wires in any way, for any purpose—it is

11  not alleged whether the press release featuring Mr. Adcock was distributed or to

12  whom, and it is certainly not alleged any distribution was done by Mr. Adcock.

13  There are no allegations to support the inference that the Individual Defendants

14  formed a scheme to defraud, or that they had any intent to defraud anyone.

15  Plaintiffs never allege that the Individual Defendants, or any other defendant, saw

16  the Indus Biotech studies prior to being served with the Complaint.  There is no

17  specific allegation supporting Mr. Adock's fraudulent intent in his press release

18  statement.  Though Plaintiffs allege "the 'Direct Digital Defendants,' defined in the

19  Complaint as the Individual Defendants plus Direct Digital, received a copy of

20  Professor Jewell's report, marked '*preliminary*,' on November 21, 2013, this

21  would be over a year after the press release was dated and is irrelevant to any

22  alleged fraudulent intent by Mr. Adcock.  Compl. ¶ 186 (emphasis added).

23         Moreover, even if Professor Jewell's report were relevant to intent, it is not

24  enough to plead that the "Direct Digital Defendants" acted as a group, particularly

25  given the stringent requirements of Rule 9(b).  Plaintiffs are required by Rule 9(b)

26  to specify the role of each Individual Defendant in the purported fraud.  The

27  Complaint's ubiquitous collective allegations against all "Defendants" do not begin

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

13

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

1   to approach adequate pleading of a RICO claim.  *See Moore v. Kayport Package*

2   *Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (affirming dismissal of RICO

3   claim where complaint "[did] not attribute specific conduct to individual

4   defendants"); *accord DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001); *Gross*

5   *v. Waywell*, 628 F. Supp. 2d 475, 495 (S.D.N.Y. 2009) (dismissing RICO claims

6   where defendants were "lump[ed] . . . into collective allegations" and "pleadings

7   [did] not indicate individually which of the three defendants actually engaged in

8   the particular predicate acts of mail or wire fraud").

9       The RICO claim against the Individual Defendants cannot stand on such a

10  paucity of factual allegation.  This claim may be dismissed for these reasons alone.

11  But further grounds are set forth below.

12          **2.**    **Plaintiffs Do Not Sufficiently Allege Conduct or**

13              **Participation in an Enterprise**

14      Because the Complaint contains no specific factual allegations as to any

15  conduct by the Individual Defendants *as distinct from Direct Digital*, the

16  Complaint utterly fails to allege the Individual Defendants' conduct or

17  participation in an enterprise under the RICO statute.  To state a viable RICO

18  claim, Plaintiffs must allege the Moving Defendants conducted racketeering

19  activity through an "enterprise."  18 U.S.C. § 1961(4).  The conduct element

20  requires each defendant to "have some part in directing [the] affairs" of the

21  enterprise.  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  "[O]ne is not liable

22  under [§ 1962(c)] unless one has participated in the operation or management of

23  the enterprise itself."  *Id.* at 183.  *See Walter v. Drayson*, 538 F.3d 1244, 1249 (9th

24  Cir. 2008) (citation omitted) (applying *Reves* to associated-in-fact enterprises and

25  holding that the "'conduct' requirement applies without regard to the nature of the

26  enterprise").

27      "[S]imply being involved" does not suffice.  *Id.*  But the Complaint does not

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

even allege that as to Messrs. Reichelt and Kim, and the sole allegation as to Mr. Adcock's statement is insufficient to show anything like direction of the affairs of an enterprise.  In Count I itself, the Complaint states, conclusorily, that all of the Defendants conducted and participated in a "Testofenterprise," or an alleged "association in fact of the Gencor Defendants, GNC, and the 'vendor partners' that supply GNC with Testosterone Boosters," including the "Direct Digital Defendants."  Compl. ¶ 212.  Other than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action," however, the Complaint is simply barren of factual allegations to establish each Individual Defendant's participation. *Iqbal*, 556 U.S. at 678.  This is another independent basis for dismissal of the RICO claim.

Finally, as stated in the Corporate Moving Defendants' Motion to Dismiss, in Section IV.B.1.b., the existence of the "Testofenterprise" as to all Defendants is insufficiently alleged.  The Individual Defendants join in this portion of the Corporate Moving Defendants' argument.

Because there is no basis for alleging a RICO scheme, this claim should be dismissed with prejudice as amendment would be futile.  *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## C.    The Complaint Does Not Satisfy Rule 9(b)

As stated above, Plaintiffs fail to plead fraud with sufficiently particularity under Rule 9(b) for the purpose of alleging a pattern of racketeering activity comprising mail and wire fraud.  However, this failure applies not only to Count I, but to the entire Complaint, since all of Plaintiffs' claims sound in fraud, as stated by the Corporate Moving Defendants in their Motion to Dismiss, Section IV.F. The Individual Defendants join in this section of the Corporate Moving Defendants' argument.

The Individual Defendants further note Plaintiffs' failure to comply with

8218054-v3

1    Rule 9(b) is especially glaring with respect to the Individual Defendants.

2    "Averments of fraud must be accompanied by the who, what, when, where, and

3    how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

4    1106 (9th Cir. 2003).  Thus, a plaintiff must "state the time, place, and specific

5    content of the false representations as well as the identities of the parties to the

6    misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

7    2004).  Plaintiffs do not come anywhere near alleging any of these facts as to the

8    Individual Defendants.

9           Although all of the Complaint's purported causes of action directed against

10   these individuals are premised on fraud, the Complaint fails to identify a single

11   fraudulent statement.  As to Messrs. Reichelt and Kim, *no* statement is alleged at

12   all, let alone a fraudulent one.  As to all the Individual Defendants, there is no

13   knowing what specific facts they knowingly concealed that they were legally

14   bound to disclose, or what unlawful acts they conspired to commit and with whom

15   they conspire.  Rule 9(b) requires answers to such questions, but the Complaint

16   does not even try to address them.[2]

17          Instead, as stated above, the Complaint seeks to lump the Individual

18   Defendants together with all other defendants in a mass of generalized allegation.

19   *See, e.g.*, Compl. ¶ 293 ("Defendants' representations that Testosterone Boosters

20   have been clinically proven to increase free testosterone levels . . . were false when

21   made.").  Such "group pleading" fails to satisfy the stringent pleading requirements

22

23   [2] The fact that the Complaint makes unsupported and wholly-conclusory
     allegations that "Adcock, Reichelt and Kim exercise dominion and control over
24   Direct Digital," and "Direct Digital was and is the alter ego of Adcock, Reichelt,
     and Kim" is irrelevant for purposes of this motion and should be disregarded.
25   Compl. ¶ 39.  *See, e.g.*, *Iqbal*, 556 U.S. at 678 (courts "are not bound to accept as
     true a legal conclusion couched as a factual allegation," and a complaint does not
26   state plausible claim to relief by making "naked assertions devoid of further factual
     enhancement.") (quoting *Twombly*, 550 U.S. at 555, 570).
27

28

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   of Rule 9(b).  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)

2   ("Rule 9(b) does not allow a complaint to merely lump multiple defendants

3   together but requires plaintiffs to differentiate their allegations when suing more

4   than one defendant and inform each defendant separately of the allegations

5   surrounding his alleged participation in the fraud.") (internal quotation marks,

6   alteration marks, ellipses and citation omitted).

7          In these circumstances, Federal Rule 9(b) warrants dismissal of all claims.

8          **D.     Plaintiffs Lack Standing to Pursue Their Claims**

9          The Individual Defendants join in the arguments set forth in Sections IV.A.

10  and IV.B.2. in the Corporate Moving Defendants' Motion to Dismiss explaining

11  why Plaintiffs lack standing as to all their claims, under RICO and state law.

12  Plaintiffs' failure to sufficiently allege elements of standing—namely injury,

13  proximate causation and damages—requires dismissal of all claims as to all

14  defendants, including the Individual Defendants.  Plaintiffs lack standing to sue the

15  Individual Defendants, and the Complaint may be dismissed on this independent

16  basis.

17         **E.     Plaintiffs Fail to State Claims Under Statutory Consumer**

18                 **Protection Laws, or for Breach of Warranty or Restituion**

19         In addition, the Individual Defendants join in the arguments set forth in

20  Sections IV.C., IV.D., and IV.E. in the Corporate Moving Defendants' Motion to

21  Dismiss, demonstrating why Plaintiffs fail to state statutory consumer protection

22  claims, or claims for breach of warranty or restitution.  Plaintiffs' pleading failures

23  as to these state law claims apply to the Individual Defendants as well as to the

24  Corporate Moving Defendants and serve as an independent basis to dismiss these

25  claims.

26  / / /

27  / / /

28

17

8218054-v3

1   **V.     <u>CONCLUSION</u>**

2          For the foregoing reasons, the Individual Defendants respectfully request

3   that the Court grant this Motion and dismiss the Complaint in its entirety.

4

5   Dated:  June 9, 2014                        VENABLE LLP

6

7                                               By:  /s/ Daniel S. Silverman
                                                     Angel A. Garganta
8                                                    Daniel S. Silverman
                                                Attorneys for Defendants
9                                               BRANDON ADCOCK; PAUL REICHELT;
                                                and JOHN KIM
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

I.     INTRODUCTION.................................................................................1

II.    STATEMENT OF RELEVANT ALLEGATIONS AND FACTS..............3

III.   LEGAL STANDARD...........................................................................4

IV.    LEGAL ARGUMENT..........................................................................6

    A.    This Court Lacks Personal Jurisdiction Over the Individual
        Defendants ....................................................................................6

        1.    The Court Lacks General Jurisdiction Over the Individual
             Defendants ........................................................................7

        2.    The Court Lacks Specific Jurisdiction Over the
             Individual Defendants.........................................................8

            a.    The Individual Defendants Have Not Purposefully
               Directed Their Activities to California ........................ 8

            b.    The Claims Do Not Relate to or Arise From the
               Individual Defendants' Contacts With California ...... 10

            c.    The Exercise of Jurisdiction Will Offend
               Traditional Notions of Fair Play, Reasonableness,
               and Substantial Justice ................................................ 10

    B.    The RICO Claim (Count I) Fails .................................................12

        1.    Plaintiffs Do Not Allege a Pattern of Racketeering
             Activity ............................................................................12

        2.    Plaintiffs Do Not Sufficiently Allege Conduct or
             Participation in an Enterprise ...........................................14

    C.    The Complaint Does Not Satisfy Rule 9(b).................................15

    D.    Plaintiffs Lack Standing to Pursue Their Claims .......................17

    E.    Plaintiffs Fail to State Claims Under Statutory Consumer
        Protection Laws, or for Breach of Warranty or Restituion ...........17

V.     CONCLUSION...................................................................................18

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

i

8218054-v3

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

### <u>Cases</u>

4

*3D Sys., Inc. v. Aarotech Lab., Inc.,*
   160 F.3d 1373 (Fed. Cir. 1998)................................................. 5, 8, 9, 10

5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................. 5, 15, 16

6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................. 5, 16

7

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008)........................................................ 8, 9

8

*Brand v. Menlove Dodge,*
   796 F.2d 1070 (9th Cir. 1986) .......................................................... 7

9

10

*Britesmile, Inc. v. Discus Dental, Inc.,*
   No. C 02-03220 JSW, 2005 U.S. Dist. Lexis 37704 (N.D. Cal. May 5,
   2005)................................................................................... 7, 9

11

12

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ............................................................... 8, 9, 11

13

*Calder v. Jones,*
   465 U.S. 783 (1984) ..................................................................... 6

14

*Click v. Dorman Long Tech., Ltd.,*
   No. C 06-1936 PJH, 2006 U.S. Dist. Lexis 68978 (N.D. Cal. Sept. 14,
   2006) .................................................................................... 10

15

16

*Colt Studio, Inc. v. Badpuppy Enter.,*
   75 F. Supp. 2d 1104 (C.D. Cal. 1999) .............................................. 6, 10

17

*DeFalco v. Bernas,*
   244 F.3d 286 (2d Cir. 2001) ........................................................... 14

18

19

*Eclectic Props. E. LLC v. Marcus & Millichap Co.,*
   – F. 3d –, 2014 WL 1797676 (9th Cir. May 7, 2014) ............................... 13

20

*Edwards v. Marin Park, Inc.,*
   356 F.3d 1058 (9th Cir. 2004)..................................................... 12, 16

21

*Genetic Implant Sys., Inc. v. Core-vent Corp.,*
   123 F.3d 1455 (Fed. Cir. 1997)..................................................... 4, 5, 6

22

*Gross v. Waywell,*
   628 F. Supp. 2d 475 (S.D.N.Y. 2009)................................................. 14

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

ii

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
   492 U.S. 229 (1989) ...................................................................... 12

*Hana Fin., Inc. v. Hana Bank,*
   500 F. Supp. 2d 1228 (C.D. Cal. 2007) ...................................... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
   466 U.S. 408 (1984) .................................................................. 6, 7

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ...................................................................... 8

*Kransco Mfg., Inc. v. Markwitz,*
   656 F.2d 1376 (9th Cir. 1981) ...................................................... 6

*M2 Software, Inc. v. M2 Commc'ns, LLC,*
   2005 U.S. App. Lexis 19794 (9th Cir. Sept. 12, 2005) ............. 6

*Moore v. Kayport Package Express, Inc.,*
   885 F.2d 531 (9th Cir. 1989) ...................................................... 14

*Pennington Seed Inc. v. Produce Exch. No. 299,*
   457 F.3d 1334 (Fed. Cir. 2006) .................................................. 10

*Reves v. Ernst & Young,*
   507 U.S. 170 (1993) .................................................................... 14

*Rezner v. Bayerische Hypo-Und Vereinsbank AG,*
   630 F.3d 866 (9th Cir. 2010) ...................................................... 12

*Sanford v. MemberWorks, Inc.,*
   625 F.3d 550 (9th Cir. 2010) ...................................................... 12

*Sanville v. Bank of Am. Nat'l Trust & Savs. Ass'n,*
   18 F. App'x 500 (9th Cir. 2001) ................................................ 13

*Saul v. United States,*
   928 F.2d 829 (9th Cir. 1991) ...................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.,*
   374 F.3d 797 (9th Cir. 2004) ........................................................ 4

*Sedima, S.P.R.L. v. Imrex Co., Inc.,*
   473 U.S. 479 (1985) .................................................................... 12

*Semegen v. Weidner,*
   780 F.2d 727 (9th Cir. 1985) ........................................................ 5

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ................................................. 5, 17

*United States v. Hays,*
   515 U.S. 737 (1995) ...................................................................... 5

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

iii

8218054-v3

*Vess v. Ciba-Geigy Corp. USA,*
   317 F.3d 1097 (9th Cir. 2003)................................................................... 16

*Walter v. Drayson,*
   538 F.3d 1244 (9th Cir. 2008)................................................................... 14

*White v. Lee,*
   227 F.3d 1214 (9th Cir. 2000)..................................................................... 5

## **Statutes**

18 U.S.C. § 1961................................................................................................ 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS (14cv03754)

8218054-v3