JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN O'TOOLE, ROBERT SOKOLOVE, and MICHAEL BITTON, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GENCOR NUTRIENTS, INC.; et al.,<br><br>  Defendants. | CASE NO.   CV 14-03754-R<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

    Plaintiffs Brian O'Toole, Robert Sokolove, and Michael Bitton (collectively "Plaintiffs"), on May 15, 2014, filed a suit against defendants Gencor Nutrients, Inc., et al. for alleging selling supplements that are "clinically proven" "testosterone boosters," when allegedly this statement is false. Doc. No. 1 at 2. Defendants General Nutrition Corporation, et al. (collectively "GNC") filed a motion to dismiss on June 9, 2014. Doc. No. 8. The same day, defendants Brandon Adcock, et al. (collectively "Individual Defendants") filed a motion dismiss for lack of jurisdiction. Doc. No. 16. On June 12, 2014, Gencor Nutrients, Inc., et al. (collectively "Gencor") filed a motion to dismiss. Doc. No. 20. Defendant TruDerma, LLC ("TruDerma") filed a joinder to GNC's motion to dismiss on June 18, 2014. Having been thoroughly briefed by the parties, this Court took these

matters under submission.

## I. Legal Standard

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Although the plaintiff must only establish a prima facie showing of personal jurisdiction, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Arguments regarding lack of standing are properly raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A Rule 12(b)(6) motion tests the legal sufficiency of claims asserted in the complaint, which must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the trial court must take "all well-pleaded allegations of material fact as true and construe them in the light most favorable to the plaintiff," the court does "not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 9(b), claims sounding in fraud must be pleaded with particularity by setting forth "'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Dismissal with prejudice is appropriate when further amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## II. Individual Defendants' Motion

The Individual Defendants move to dismiss the case for lack of personal jurisdiction. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).; *see* Cal. Civ. Code § 410.10. If a court exercises personal jurisdiction over a nonresident defendant, the defendant must have "'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co., v. Washington*, 326 U.S. 310, 316 (1945).

For purposes of jurisdiction, the corporate form may be ignored: "(1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of and direct participation in the alleged activities." *Fasugbe v. Willms*, 2011 WL 2119128 at *3 (E.D. Cal. 2011) (quoting *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004)). Alter ego liability requires: "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the [defendant] and corporation has ceased; and (2) the facts are such that an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *Whitney v. Arntz*, 320 Fed. Appx. 799, 800 (9th Cir. 2009) (internal quotation marks and citation removed).

Plaintiffs fail to provide factual evidence regarding any unity of interest and ownership between the Individual Defendants and Direct Digital to support a finding of personal jurisdiction through alter ego liability. There is no evidence to suggest that the Individual Defendants ignored corporate formalities, nor that Direct Digital is judgment-proof, which is not a sufficient consideration on its own to satisfy the second prong of alter ego liability. *See Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1113 (9th Cir. 1979). Thus, Plaintiffs fail to demonstrate that alter ego liability should apply to the Individual Defendants.

A court may assert general jurisdiction over nonresident defendants "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). To exercise specific jurisdiction the "non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws . . . ."

3

1 *Schwarzenegger*, 374 F.3d at 802.

2 Plaintiffs have not alleged any facts to establish either general or specific jurisdiction as to
3 the Individual Defendants. Brandon Adcock is a resident of North Carolina and co-founder and
4 President of Direct Digital, which has its principal places of business in North Carolina and
5 Massachusetts. Paul Reichelt is a North Carolina resident and co-founder and Chief Marketing
6 Officer of Direct Digital. John Kim is a resident of Massachusetts and co-founder and manager of
7 Direct Digital. Plaintiffs have also failed to allege any facts that would support a finding of
8 specific jurisdiction or alter-ego liability for defendant Jith Veeravalli. The Individual Defendants
9 assert that they have never owned or leased property, maintained any bank or investment accounts,
10 maintained any local telephone listings, been employed, paid income taxes, or done business in
11 California. Accordingly, Plaintiffs have failed to demonstrate that Individual Defendants are
12 subject to personal jurisdiction in California. Thus, the Complaint in its entirety against all the
13 individual defendants must be dismissed. Under these circumstances, amendment would be futile
14 as there is no basis to support jurisdiction over any of the individual defendants. *See Leadsinger,*
15 *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

16 **III. Corporate Moving Defendants' Motion**

17 Plaintiffs allege they have purchased three products: Nugenix, Troxyphen, and Test X180.
18 Compl. ¶ 189–91. Plaintiff Brian O'Toole resides in Los Angeles County and "purchased a bottle
19 of Nugenix at a GNC retail location in Los Angeles County, California." *Id.* ¶¶ 8, 189. Plaintiff
20 Robert Sokolove resides in Sussex County, Delaware and "purchased a bottle of Troxyphen at a
21 GNC retail location in Westchester County, New York." *Id.* ¶¶ 9, 190. Plaintiff Michael Bitton
22 resides in Los Angeles County, and a "bottle of Test X180 was shipped to, and purchased . . . in
23 Los Angeles County, California." *Id.* ¶¶ 10, 191. The Complaint alleges that, "[i]n making their
24 purchases, Plaintiffs relied on the representations . . . that the product they purchased was
25 clinically proven to increase free testosterone levels." *Id.* ¶ 192. Plaintiff seek a nationwide class
26 action on behalf of "[a]ll persons who purchased any of the following [22] products (a
27 'Testosterone Booster')." *Id.* ¶ 193.

28 / / / / /

4

A. RICO Claim 1

To establish a RICO plaintiffs must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Racketeering activity requires at least two predicate acts within ten years and a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

Plaintiffs allege the predicate criminal acts were mail and wire fraud and thus invoke Rule 9(b)'s particularity requirement. *See Eclectic Props. E. LLC v. Marcus & Millichap Co.*, – F. 3d –, 2014 WL 1797676, at *3 (9th Cir. May 7, 2014). Plaintiffs have not shown any of the defendants knowledge nor intent to defraud and has failed to lay out the who, what, where, and when in their complaint so this count fails.

B. Warranty Claims 5–7

A breach of express or implied warranty requires that there was a warranty, the plaintiff relied on it, the defendants breached it, and the breach caused the plaintiff's harm. *Rodarte v. Philip Morris, Inc.*, 2003 WL 23341208, at *5 (C.D. Cal. June 23, 2003). Here, Plaintiffs have failed to allege reliance, causation, and injury thus their warranty claims fail.

C. Remaining Claims

Plaintiffs entire case rests upon a report by Professor Nicholas Jewell, which the Plaintiffs characterize his report as stating that the defendants claims that Testofen is clinically proven are false. Compl. ¶ 73. Taking Jewell's heavily redacted report, which is attached to the complaint, as true, it refutes the very claims that the complaint makes. Jewell merely states that Gencor's clinical trial did not use the "Bonferroni correction" and that using the Bonferroni correction the results are not statistically significant (the trial used $p<0.05$ for clinical significance).

The Bonferroni correction is the simplest and most conservative approach used to correct for several dependent or independent statistical tests (the clinical trial at issue in this case examined dependent variables). *See Bonferroni Correction*, WOLFRAM MATHWORLD, http://mathworld.wolfram.com/BonferroniCorrection.html; Compl. Ex. 5 at 11. Logically, if a trial passes the Bonferroni correction test, it would be said to be statistically significant; however, if a

5

1  trial meets $p<0.05$, but fails the Bonferroni correction test no inverse judgment can be made. So
2  taking Jewell's report to be true, it does not allege that Gencor's clinical trial was not statistically
3  significant. Moreover, Plaintiffs' claim that defendants had to use the Bonferroni correction for it
4  to be statistically valid is both incorrect and contradicted by Jewell's own report. Compl. Ex. 5 at
5  11. Amendment would be futile, because the factual evidence provided directly contradicts all the
6  substantive claims Plaintiffs make. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532
7  (9th Cir. 2008).

8      IT IS HEREBY ORDERED that defendants' motions to dismiss (Doc. No. 8, 16, 20) and
9  Truderma's joinder (Doc. No. 27) are GRANTED as stated herein, and the complaint is
10 DISMISSED in its entirety with prejudice.
11 Dated:  July 23, 2014.

                                          MANUEL L. REAL
                              UNITED STATES DISTRICT JUDGE